# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBIN L. MAYFIELD, | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-5676 |
| | : | |
| MD ARON WAHRMA, *et al.*, | : | |
|    Defendants. | : | |

## MEMORANDUM

**TUCKER, J.**                                                                                       **JANUARY 5, 2021**

      Plaintiff Robin L. Mayfield filed a Complaint against Aron Wahrman, M.D., and Rachel A. Williams-Cooper, R.N., alleging medical malpractice in connection with post-surgical care she received at a Veterans' Administration ("VA") hospital in Philadelphia. She seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Mayfield leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice to amendment.[1]

**I.    FACTUAL ALLEGATIONS**

      The gravamen of Mayfield's claims is that she was prematurely and improperly discharged following abdominal surgery she received on October 15, 2017 at a VA Hospital in Philadelphia. (ECF No. 1 at 3.) She was discharged with two drains in her pelvic area, which she alleges "is an antiquated and improper technique constituting a deviation in the standard of

---

[1] Mayfield filed her Complaint without either paying the fees or seeking leave to proceed *in forma pauperis*. Accordingly, the Court directed her to either pay the fees or file for leave to proceed *in forma pauperis* within a thirty-day period. (ECF No. 3.) After that period lapsed, the Court entered an Order dismissing this case for failure to prosecute. (ECF No. 5.) That Order appears to have crossed with Mayfield's Motion to Proceed *In Forma Pauperis*. (ECF No. 4.) Mayfield subsequently submitted a Letter asking the Court to reconsider its dismissal. (ECF No. 6.) As it is apparent that Mayfield seeks to prosecute her claims, the Court will vacate its dismissal Order and address her filings.

1

care." (*Id.*)  Mayfield also alleges that her complaints of excessive blood loss were ignored. (*Id.*)

As a result of her improper discharge, Mayfield developed an infection, sepsis, and cellulitis.  (*Id.*)  She also required a blood transfusion, developed anemia, and sustained permanent scarring and damage to her abdomen that causes constant pain.  (*Id.*)  She seeks damages in the amount of $3 million.  (*Id.* at 4.)  Exhibits attached to the Complaint reflect that on February 5, 2018, Mayfield, through counsel, submitted an administrative complaint to the VA seeking damages for her injuries, (*id.* at 8-12), but it is not clear whether or how her claim was resolved.

## II.    STANDARD OF REVIEW

Because Mayfield appears to be unable to pay the filing fee in this matter, the Court will grant her leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice. *Id.*

The Court must also review the pleadings and dismiss the matter if it determines that the Complaint fails to set forth a proper basis for this Court's subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may

be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))). As Mayfield is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

**III.    DISCUSSION**

The Court understands Mayfield to be pursuing medical malpractice claims against VA health care employees — a doctor and a nurse — who were involved in her care following her procedure at the VA in 2017. However, the VA Immunity Statute states that the Federal Tort Claims Act ("FTCA") provides the exclusive remedy for malpractice or negligence claims arising from the provision of health care or treatment by VA health care employees in the course of their official duties. *See* 38 U.S.C. § 7316(a)(1); *Brown v. Mercadante*, 687 F. App'x 220, 223 (3d Cir. 2017) (per curiam) (FTCA provided exclusive remedy for claims against VA health care providers); *Hall v. AFSCME*, Civ. A. No. 17-3417, 2017 WL 4274877, at *3 (E.D. Pa. Sept. 26, 2017) ("Plaintiff's exclusive remedy for any negligence or intentional torts committed by VA employees in the course of treating him at VA facilities is a claim against the United States under the Federal Tort Claims Act (FTCA).").

The FTCA waives the sovereign immunity of the United States for torts of federal employees acting within the scope of their employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674 (providing that, for tort claims, the United States shall be liable "in the same manner and to the

same extent as a private individual under like circumstances"). The United States is the only proper defendant in a FTCA action. *See CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008). Additionally, "[n]o claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim." *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015). "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of [the FTCA]." 28 U.S.C. § 2675(a). The administrative exhaustion requirement is "jurisdictional and cannot be waived." *Shelton*, 775 F.3d at 569. Therefore, a plaintiff "must . . . plead administrative exhaustion in an FTCA case." *Colbert v. U.S. Postal Serv.*, 831 F. Supp. 2d 240, 243 (D.D.C. 2011).

Here, Mayfield named the individual health care employees as Defendants even though the FTCA does not provide a remedy against them. She has not named the United States as a Defendant as required in a FTCA case. Although exhibits to her Complaint reflect that she presented her claim to the VA, it is not clear how that claim was resolved. For these reasons, the Court lacks jurisdiction over her claims as pled.[2] *See Ingram v. Faruque*, 728 F.3d 1239, 1252 (10th Cir. 2013) (no jurisdiction over claims against VA health care employees whose conduct

---

[2] Under the FTCA "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal Agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). The United States Court of Appeals for the Third Circuit has interpreted that provision to require that "a claimant file *both* a claim with the federal agency within two years of the tort *and* a suit within six months of the agency's denial." *Sconiers v. United States*, 896 F.3d 595, 598 (3d Cir. 2018). "[C]ourts may toll both of the FTCA's limitations periods", which are not jurisdictional. *United States v. Kwai Fun Wong*, 575 U.S. 402, 405 (2015). The Court understands Mayfield to be alleging that, if her claims are untimely, she will be entitled to tolling due to "a hardship" that prevented her from filing earlier. (ECF No. 1 at 4.) The Court expresses no opinion at this point in the litigation on whether Mayfield's claims are timely.

fell within VA Immunity Statute); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("[A]n FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction").  However, Mayfield will be given leave to amend her complaint in the event she can cure the defects in her pleading.  *See Priovolos v. F.B.I.*, 632 F. App'x 58, 60 (3d Cir. 2015) (per curiam) (failure to name United States as defendant in FTCA case was a "pleading defect can be remedied by the submission of an amended complaint").

## IV.  CONCLUSION

For the reasons stated, the Court will vacate its Order dismissing this case for failure to prosecute, grant Mayfield leave to proceed *in forma pauperis*, and dismiss her Complaint for lack of jurisdiction without prejudice to amendment.  An appropriate Order follows, which provides further instruction as to amendment.

          BY THE COURT:

          /s/Petrese B. Tucker

          _____
          **PETRESE B. TUCKER, J.**